IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SERGEY VICTOR SILVER,

    Plaintiff,

v.

KYLE FREDERICK REARDON,

    Defendant.

Case No. 3:23-cv-00094-SLG

## ORDER OF DISMISSAL

On April 25, 2023, self-represented litigant, Sergey Victor Silver ("Plaintiff") filed a civil complaint ("Complaint"), a civil cover sheet, and paid the filing fee.[1] Although non-prisoner complaints are not subject to 28 U.S.C. §§ 1915(e) or 1915A screening requirements when the filing fee has been paid, "federal courts are under an independent obligation to examine their own jurisdiction[.]"[2] The Complaint fails to present a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[3] However, to the extent the Court can decipher the Complaint, it is immediately clear that the Complaint is fundamentally flawed.

---

[1] Dockets 1-3.

[2] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[3] Fed. R. Civ. P. Rule 8.

From what the Court can discern, Plaintiff brings suit against Magistrate Judge Kyle Fredrick Reardon ("Defendant") for prosecutorial actions taken in *USA v. Silver*, 3:15-cr-00048-RRB-1 while Defendant was employed by the U.S. Attorney's Office.[4] Plaintiff also presents a "Jurisdictional Challenge" and notice of "Void Judgment."[5] The Court takes judicial notice[6] of *USA v. Silver*, 3:15-cr-00048-RRB-1, in which the Mr. Silver was sentenced in August 2016[7] and released from custody on April 9, 2021.[8]

### I. Failure to State a Claim

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[9] While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[11] A claim is "plausible" when the facts alleged support a reasonable

---

[4] Docket 1 at 3, 22; Docket 2.

[5] Docket 1 at 6; Docket 2.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[7] Case 3:15-cr-00048-RRB, Dockets 63, 65, and 73.

[8] Inmate Locator, Federal Bureau of Prison, *available at* www.bop.gov/mobile/find_inmate/byname.

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Case No. 3:23-cv-00094-SLG, *Silver v. Reardon*
Order of Dismissal
Page 2 of 6
Case 3:23-cv-00094-SLG   Document 6   Filed 08/18/23   Page 2 of 6

inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[12]

The Complaint is neither short nor plain; nor does it set forth facts that if accepted as true, would state a plausible claim for relief against the named Defendant. Further, the Complaint fails to articulate an actual, redressable injury that, if proven true, would demonstrate a constitutional violation.

## II. Prosecutorial Immunity

Assistant U.S. Attorneys are entitled to absolute immunity from a civil action when the attorney performs a function that is "intimately associated with the judicial phase of a criminal process."[13] Liberally construing the Complaint, Mr. Silver seems to suggest the District of Alaska lacked jurisdiction over his criminal case, accuses Defendant of violating the Rules of Professional Conduct, and challenges the evidence presented and the strength of the prosecution's case.[14] Mr. Silver has not presented any facts to support a claim that Defendant was acting outside the scope of his prosecutorial duties or engaged in administrative or investigative functions.[15] Mr. Silver specifically states he is "NOT presenting any claims of malicious prosecution."[16] Because the allegations involve actions taken within the

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *KRL v. Moore,* 384 F.3d 1105, 1110 (9th Cir.2004).

[14] *See* Docket 1 at 12-18, 22-23.

[15] *See Burns v. Reed,* 500 U.S. 478, 494-96 (1991).

[16] Docket 1 at 11.

Case No. 3:23-cv-00094-SLG, *Silver v. Reardon*
Order of Dismissal
Page 3 of 6

scope of the criminal proceedings, Defendant is entitled to absolute prosecutorial immunity.

### III. Statute of Limitations

If a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[17] A statute of limitations bars claims after a specified based on the date when the claim accrued (as when the injury occurred or was discovered).[18] Plaintiff's allegations center around his prosecution and conviction, which occurred between May 2015 and August 2016. Although Plaintiff's exact claims are undiscernible, it is unlikely any claims would still be timely nearly five years after his sentencing. However, even if a claim was subject to a longer statutory period, or if he could establish that the statute should be tolled, it would be subject to dismissal for the other reasons discussed herein.

### IV. Challenges a Criminal Conviction or Sentence

To the extent Mr. Silver seeks to challenge his criminal conviction or sentence, such claims may not be brought in a civil case.[19] Further, it is unlikely Mr. Silver could proceed on a motion pursuant to 28 U.S.C. § 2255, as he appears to be well past his deadline for filing such a motion.[20]

---

[17] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[18] STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019).

[19] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement).

[20] *See* 28 U.S.C. § 2255(f) (establishing a one-year limit for § 2255 motions).

Case No. 3:23-cv-00094-SLG, *Silver v. Reardon*
Order of Dismissal
Page 4 of 6
Case 3:23-cv-00094-SLG   Document 6   Filed 08/18/23   Page 4 of 6

## V. Amendment is Futile

If a court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[21] In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[22]

In his criminal case, Mr. Silver filed multiple documents alleging sovereign citizenship, asserting the judgment void, challenging the Court's jurisdiction, and other legally frivolous allegations.[23] The Court struck those filings from the record and discouraged Mr. Silver from filing any similar notices and claims in the future.[24] Because Mr. Silver names a Defendant who is immune from suit, asserts facts that are likely time-barred by the statute of limitations, and has demonstrated an inability to follow the Federal Rules of Civil Procedure and orders of the Court, the Court finds that it would be futile to permit amendment of the Complaint in this case.

---

[21] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[22] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[23] *USA v. Silver,* Case 3:15-cr-00048-RRB, Docket 70.

[24] *Id.* at 18.

Case No. 3:23-cv-00094-SLG, *Silver v. Reardon*
Order of Dismissal
Page 5 of 6
Case 3:23-cv-00094-SLG   Document 6   Filed 08/18/23   Page 5 of 6

**IT IS THEREFORE ORDERED:**

1. This action is DISMISSED with prejudice.

2. The order at Docket 5 is VACATED. Plaintiff shall not attempt service.

3. The Clerk of Court shall include a copy of the Court's Order at Docket 70 in *USA v. Silver,* Case No. 3:15-cr-00048-RRB with this order.

4. The Clerk shall issue a final judgment and terminate this action.

DATED this 18th day of August, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00094-SLG, *Silver v. Reardon*
Order of Dismissal
Page 6 of 6
Case 3:23-cv-00094-SLG   Document 6   Filed 08/18/23   Page 6 of 6